UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CR-00310-JAR |
| | ) |
| EDWARD WISEMAN, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Edward Wiseman, represented by defense counsel Julie Clark, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I of the Indictment, the charge of Coercion and Enticement of a Minor in violation of Title 18, United States Code, Section 2422(b), and Count II of the Indictment, the charge of Solicitation of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(3)(B)(ii), the government agrees that no further federal

1

prosecution will be brought in this District relative to the facts underlying the Indictment, of which the Government is aware at this time.

The parties agree that the U.S. Sentencing Guidelines calculations contained herein contain guidelines that may be applicable to this case. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document. The Government agrees to request a sentence of not more than two hundred and sixty-four (264) months imprisonment to be followed by lifetime supervised release and applicable restitution and assessments. The parties agree that the defendant may request a sentence within or below the United States Sentencing Guidelines range that is determined by the Court. The defendant further agrees that notice of any such request for a sentence below the United States Sentencing Guidelines range will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the sentencing requests of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: an Apple iPhone. The defendant agrees that said item may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly committing the offense of coercion and enticement of a minor and knowingly violating Title 18, United States Code, Section 2422(b), and admits there is a factual basis for the plea and further fully understands that the elements of

the crime of coercion and enticement of a minor are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who had not attained the age of eighteen years (3) to engage in sexual activity (4) for which any person can be charged with a criminal offense and (5) did so utilizing the internet, a means of interstate and foreign commerce.

As to Count II, the Defendant admits to knowingly committing the offense of soliciting child pornography and knowingly violating Title 18, United States Code, Section 2252A(a)(3)(B)(ii), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of soliciting child pornography are: (1) defendant knowingly solicited material containing a visual depiction of child pornography, (2) which was a visual depiction of an actual minor engaging in sexually explicit conduct, (3) in a manner that reflected the belief or was intended to cause another to believe that the material solicited contained visual depictions of an actual minor engaging in sexually explicit conduct, and (4) the solicitation used any means or facility of interstate or foreign commerce or was in or affecting interstate or foreign commerce, including by computer.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The defendant is the biological uncle of ML1 and ML2 who, as juveniles, resided with the defendant in St. Louis County, Missouri, in a residence belonging to the grandmother of ML1 and ML2 and the mother of the defendant. While residing together, the defendant sexually abused ML1 for a period of at least four to five years. The defendant's sexual abuse of ML1 resulted in the defendant impregnating ML1 when ML1 was fourteen years of age. At fifteen

3

years of age ML1 became a mother in 2020. On or about March 21, 2021, DNA analysis confirmed that the defendant was the father of the child born to fourteen-year-old ML1. Juveniles ML1 and ML2 and the infant of ML1 were placed into the custody of the State of Missouri and into foster care homes due to the sexual abuse by the defendant and neglectful conditions at their residence. ML1 reported that the defendant had been sexually abusing her to include vaginal intercourse since ML1. was ten years of age, and that she became "okay with it" when she was twelve years of age. Defendant disputes ML1's report, and contends that the sexual abuse started when ML1 was fourteen years of age.

In or around November of 2020, while ML1 was residing in the foster care home, the defendant sent an image of himself fully naked with an erection over the internet to the cellular telephone of juvenile ML1 via the Skype communications application. At the defendant's request, ML1 sent multiple images of herself clothed and unclothed, including images of her nude vagina, as well as photos of the baby fathered by the defendant, to the defendant via Skype over the internet. The defendant used internet-based social media application Instagram accounts with the user-names "uguessedit4real" and "Pedro B. Chillin" to communicate with ML1 while ML1 was in foster care.

In October of 2020, while she was in foster care, the defendant subjected ML1 to vaginal intercourse. ML1 was sixteen years of age at the time. The defendant communicated with ML1 via internet-based or cellular communications and persuaded and induced her to meet him at a Wal-mart within walking distance of the foster care home in which ML1 resided. After meeting at the Wal-mart, the defendant subjected ML1 to sexual contact, including vaginal intercourse, behind a dumpster outside a building. In or around December 29, 2020, ML1 tested positive for

vaginal herpes. ML1 reported that the defendant is the only person who has had sexual contact with her during her lifetime. The Defendant disputes that he ever had genital herpes.

On January 2, 2021, the defendant engaged in a voluntary interview with law enforcement. Initially, the defendant falsely stated that he had never had sexual contact with ML1 and that her pregnancy was the result of a rape perpetrated by an unknown man who the defendant thought could have been a boyfriend of ML1's mother. When confronted with evidence, the defendant admitted that he had had sexual intercourse with ML1 several times over the last four to five years. The defendant admitted that via Skype he asked and solicited ML1 to send him naked photographs of herself, including lascivious images of her vagina, and that he sent ML1 naked photographs of himself as well. The defendant claimed that his sexual contact with ML1 began with her coming on to him when she would have been about eleven or twelve years of age at the oldest.

ML2, younger sister of ML1, reported to law enforcement that the defendant sexually abused her as well beginning when ML2 was eight years of age and continuing for three years. ML2 described a time when she was eight years of age that the defendant held her down and touched her vagina with his hands and placed his penis on her vagina. ML2 reported that the defendant told her not to tell anyone because if she did, she would be in big trouble from him. The Defendant disputes ML2's report that the defendant sexually abused her.

The mother of ML1 and ML2 reported that the defendant, her brother, raped her when she was a child. She also reported that she and the defendant engaged in sexual intercourse during the time that ML1 and ML2 were placed in foster care. The Defendant disputes these claims by the mother of ML1 and ML2.

5

On the Instagram account of the defendant, law enforcement located communications from August of 2020, in which a user of the defendant's Instagram account engaged in internet-based communications with an unidentified individual who used the screen name "maddi." During the communications with "maddi," the user of the defendant's account stated: "I get soo lonely, I just sit here and place PC games and work iz all. You a pretty young lady. Message me anytime. Oh and my hone id off cuz ATT sucks balls." The user of the defendant's account sent "maddi" another message stating, "You welcome! Pretty eyes, pretty lips, wow, will I ever see you again." "Maddi" responded, "Maybe we can make plans sometime!" The user of the defendant's account responded, "I would luv to make plans with u, shhh dont tell anyone." The user of the defendant's account asked "maddi" how old she was and further stated, "Maddi we can be friends, no funny business...Maddi age has nothing to do with us being friends." "Maddi" responded back to the user of the defendant's account that she is only sixteen years of age. The user of the defendant's replies that, "age is just a number. I can control myself, can you." The user of the defendant's account sent "Maddi" a message on August 8, 2020, stating, "Intelligent and pretty n young. I wish I was still ur age. I don't want to grow old. I'm a cool guy, don't leave me hangin maddi, we both didn't know. I thought u were at least 17 or 18. When's ur b day?" On August 21, 2020, the user of the defendant's account sent a message to "maddi" which states, "Don't think too hard about things. Like I said, we both didn't know, but that not reason we cant be cool." The Defendant disputes that he communicated with "Maddi."

On July 2, 2020, the defendant gave law enforcement written consent to search his Apple iPhone cellular telephone on which law enforcement located child pornography, including but not limited to child pornography series depicting the sexual abuse of victims who have been identified by law enforcement as the victims in the following series of child pornography:

6

aprilblonde, Blue Tent, Lotus Tattoo, Polar Lights Polly, Wood Stove, BeckyModel, LeopardTight, PickedPolish and ShirtPlaid. The Defendant disputes that he possessed this child pornography.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce. The defendant's Apple iPhone cellular telephone was manufactured outside of the State of Missouri and travelled in interstate or foreign commerce prior to the defendant's possession of it.

5. **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of coercion and enticement of a minor to which the defendant is pleading guilty is imprisonment of not less than ten years or for life, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of up to life and not less than five years.

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for the crime of solicitation of child pornography to which the defendant is pleading guilty is imprisonment of not less than five years and not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of up to life and not less than five years.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

History Category. The parties agree that the following are U.S. Sentencing Guidelines Total Offense Level provisions that may apply.

    **a.**   **Offense Conduct:**

        **(1)**   **Count I: Coercion and Enticement, 18 U.S.C. §2422(b).**

            **(a)**   **Base Offense Level**: The parties recommend that the base offense level is 28 as found in Sections 2G1.3(a)(3).

            **(b)**   **Chapter 2 Specific Offense Characteristics**: The Government recommends that the following Specific Offense Characteristics apply and the defendant reserves the right to dispute the application of these Special Offense Characteristics:

                (i)   two (2) levels should be added pursuant to Section 2G1.3(b)(1)(A), because defendant was a relative of the minor;

                (ii)   two (2) levels should be added pursuant to Section 2G1.3(b)(2)(B), because the defendant unduly influenced a minor to engage in prohibited sexual contact;

                (iii)   two (2) levels should be added pursuant to Section 2G1.3(b)(3)(A), because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct; and

    (iv) two (2) levels should be added pursuant to Section 2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact.

(2) **Count II: Solicitation of Child Pornography, 18 U.S.C. §2252A(a)(3).**

 (a) **Base Offense Level:** The parties recommend that the base offense level is 22 as found in Sections 2G2.2(a)(2).

 (b) **Chapter 2 Specific Offense Characteristics:** The parties recommend that the following Specific Offense Characteristics apply:

    (i) two (2) levels should be deducted pursuant to Section 2G2.2(b)(1), because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and the defendant did not intend to traffic in or distribute such material;

    (ii) [handwritten: the Government contends that] five (5) levels should be added because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor; [handwritten: the defendant reserves the right to contest this Specific offense Characteristic]

    (iii) two (2) levels should be added because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material

[handwritten: 3/28/23 BY JC EW]

b. **Chapter 3 Adjustments:** The parties recommend that the following adjustments may apply:

9

      (1)    The parties agree that two (2) levels should be added pursuant to Section 3D1 as Count 1 and Count 2 do not group.

      (2)    **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

  c.    **Chapter 4 Adjustments**: The Government contends that five (5) levels should be added pursuant to Section 4B1.5(b) as the defendant engaged in a pattern of activity involving prohibited sexual conduct. The defendant reserves the right to argue that Section 4B1.5(b) is not applicable.

  d.    **Estimated Total Offense Level**: The Government estimates that the Total Offense Level is forty (40), and the defendant reserves the right to argue that the Total Offense Level is less than forty (40).

  e.    **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable

category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **f.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.**     **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1)**     **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    **(2)**     **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea sentences the defendant to imprisonment for a period of at least two hundred and sixty-four (264) months.

  b. <u>Habeas Corpus:</u> The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  c. <u>Right to Records:</u> The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

  a. **<u>Disclosures Required by the United States Probation Office:</u>** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

  b. **<u>Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:</u>** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

  c. **<u>Supervised Release:</u>** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation up to the maximum term of life imprisonment.

  **d.**   **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (Coercion and

13

Enticement)) and under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A(a)(3)(B)(ii) (Soliciting Child Pornography)). The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013 and under 18 U.S.C. § 2259A.

Pursuant to Title 18, United States Code, Section 2259A, for offenses occurring on or after December 7, 2018, the Court shall impose an assessment of not more than $35,000 on any defendant convicted of an offense of trafficking in child pornography, including, but not limited to, 18 U.S.C. § 2252A(a)(3)(B)(ii) (Soliciting Child Pornography). The assessment imposed under 18 U.S.C. § 2259A is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013 and under 18 U.S.C. § 3014.

    **e.**    **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f.**    **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant further agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663, 3663A, 2429 and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c), 2429 and 2259. Regardless of the count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b), 2429 and 2259 and the amount of loss agreed to by the parties or determined by the Court, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

14

  **g.**   **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**   **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

  The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.   **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.   **NO RIGHT TO WITHDRAW GUILTY PLEA:**

17

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

3/14/2023
Date

*Jillian S. Anderson*
JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney

03-14-2023
Date

EDWARD WISEMAN
Defendant

3-14-23
Date

JULIE CLARK
Attorney for Defendant